**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-575-L** |
| | § | |
| **MARTHA E. BERGSTROM a/k/a** | § | |
| **Martha Austin,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Default Judgment, filed August 9, 2017.

After careful consideration of the motion, appendix, record, and applicable law, the court **grants**

the United States' Motion for Default Judgment.

## I.      Background

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint

("Complaint") on February 28, 2017, against Martha E. Bergstrom a/k/a Martha Austin

("Defendant" or "Bergstrom"). This action arises from the failure of Bergstrom to make the

required payments on a loan she obtained on or about February 5, 1997.

The loan was disbursed for $1,312 and $739 on March 18, 1997, at a variable rate of interest

to be established annually by the Department of Education. The loan obligation was guaranteed

by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of

Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act

of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682). The United States Department

of Education is the owner and holder of the promissory note. After demand of payment by the United States, Bergstrom defaulted on the loan on January 25, 2005.

Bergstrom was served with a copy of the summons and Complaint on May 5, 2017. She was required to answer or otherwise respond to the Complaint by May 26, 2017, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Bergstrom has not answered or otherwise responded to the Complaint.

On August 8, 2017, the United States requested the clerk of court to enter a default against Bergstrom, and the clerk made an entry of default against Bergstrom the same day. Plaintiff now requests the court to enter a default judgment against Bergstrom and award it damages and applicable interest as a result of her default.

## II.    Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Bergstrom. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Bergstrom, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Bergstrom is in default and that the United States is entitled to a default judgment and appropriate damages.

**Memorandum Opinion and Order – Page 2**

Based on the record, the total amount that Pierce owed the United States as of February 16, 2017, was $3,774.18 ($2,561.39 in principal and $1,212.79 in interest). Interest accrues on the principal at the rate of $0.24 per day through June 30, 2017. The number of days from February 16, 2017, to June 30, 2017, is 134, which results in additional interest in the amount of $32.16. The number of days from June 30, 2017, to August 14, 2017, is 46, which results in additional interest in the amount of $13.34. Therefore, the total amount of judgment to which the United States is entitled is **$3,819.68.**

## III.     Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$3,819.68.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 15th day of August, 2017.

Sam A. Lindsay
United States District Judge